# Hess *versus* Beates.

1. Under the Domestic Attachment Act of June 13th 1836, sect. 20, the wife of the debtor may retain $300 worth of his property.

2. Her right is not affected by her husband's waiver of the exemption; the law withdrawing the property from the grasp of his creditors, and allowing it to his wife and family, it ceased to be his property for the purposes of execution.

3. Under a domestic attachment, $300 worth of goods were set apart to the wife; an execution was issued against the husband on a judgment waiving the exemption, and the same goods levied on and sold. In an interpleader proceeding, it was *Held*, that the wife was entitled to all the proceeds, and the execution creditor was directed to pay all the costs, including the sheriff's and the costs in error.

4. After the goods were sold, the money was ruled into court, and an interpleader rule on the wife was obtained by the sheriff; she filed an affidavit claiming the property, and an issue was directed: *Held*, that the proceedings were informal, but the wife having appeared and claimed the property, the parties were within the provisions of the Interpleader Act, and the money in court was substituted for the goods.

5. Under the discretion given by the Interpleader Act, the court could do justice between the parties, including the disposition of the whole costs.

May 5th 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Lancaster county:* Of May Term 1875, No. 88.

On the 28th of January 1874, a writ of domestic attachment was issued at the suit of Jonas B. Nolt against Jonas Hess; the sheriff returned that he had attached all the goods and chattels of the debtor, that Elizabeth Hess, the wife of the defendant, claimed $300 under the exemption laws, and that he had set

[Hess *v.* Beates.]

apart for her goods to that amount ; he returned a list of the goods with the writ.

On the 2d of February 1874, Henry Beates, the defendant in error, issued a ,fi. fa. against Jonas Hess, under which the sheriff levied on the property which had been set apart under the domestic attachment for Mrs. Hess, and sold it February 18th. The judgment on which the fi. fa. was issued was entered to January Term 1872 of the court below, on a bond with warrant of attorney, containing a waiver by the defendant of the $300 exemption. On the 20th of April the proceeds of sale, $240.85, less $34.72 costs, were ruled into court.

On the 19th of May 1874 the sheriff obtained a rule upon Mrs. Hess " to maintain or relinquish her right to the proceeds realized out of the property sold on the fi. fa." May 23d, Mrs. Hess filed an affidavit claiming the property as hers.

An issue, in which Mrs. Hess was plaintiff and Beates defendant, was framed under the Interpleader Act to try the title to the money in court. All the facts were set out in a case stated, which was filed in the interpleader issue.

The court below, Hayes, J., delivered the opinion of the court, in which he said : * * *

" The waiver of exemption by Jonas Hess was made in the bond to Henry Beates, as before mentioned, and according to the decisions it is as binding as any part of the obligation. The money in question was made by the levy and sale under the execution, issued by Henry Beates upon the judgment entered upon the bond. The wife of the defendant asks that she may receive it on her claim of the exemption of $300 ; but she is precluded by the waiver. Indeed, it does not appear that she claimed the exemption, under the execution or against it ; her claim was on the attachment issued by Jonas Nolt ; but the property was sold under the execution by the sheriff, who levied upon it by virtue of that writ for the purpose of making the money ; and the money, as the case states, was made by that sale. We are accordingly of opinion that under the statement of facts Henry Bates, plaintiff in the said execution, is entitled to the money in question, and we award to him the same."

The plaintiff took a writ of error and assigned for error, the judgment of the court awarding the money to Henry Beates.

*N. Lightner,* for plaintiff in error.—A defendant in a domestic attachment has no right to anything under the exemption laws : McCarthy's Appeal, 18 P. F. Smith 217 ; Yelverton *v.* Burton, 2 Casey 354. A waiver of the exemption is of no value after a domestic attachment : Johnson & Sutton's Appeal, 1 Casey 116. A fi. fa. issued after a domestic attachment acquires no hold of defendant's property : Act of June 13th 1836, sect. 19, Pamph L.

[Hess v. Beates.]

610, 1 Br. Purd. 521, pl. 23. Under a domestic attachment the wife and family of the debtor are entitled to retain such articles, &c., as are exempted by law : Id. sect. 20, pl. 24 ; McCarthy's Appeal, *supra ;* Kenyon *v.* Gould, 11 P. F. Smith 292. The setting apart of the property by the sheriff was conclusive of the wife's right to it : Runyan's Appeal, 3 Casey 122 ; Spencer's Appeal, Id. 218.

*A. O. Newpher,* for defendant in error.—The Act of April 9th 1849, sect 1, Pamph. L. 533, 1 Br. Purd. 636, pl. 20, repeals the exemption of 1836. Any one having charge of debtor's property in his absence may claim the exemption : Wilson *v.* McElroy, 8 Casey 82 ; Waugh *v.* Busket, 3 Grant 319. The debtor's waiver is valid against him and all other persons : Dodson's Appeal, 1 Casey 232 ; Pittman's Appeal, 12 Wright 315 ; Thomas's Appeal, 19 P. F. Smith 120. The wife not having claimed the exemption under the execution is not entitled to the money : Bechtel's Appeal, 2 Grant 375. The defendant is entitled : McClelland *v.* Slingluff, 7 W. & S. 134 ; Commonwealth *v.* Contner, 6 Harris 439 ; Schuylkill County's Appeal, 6 Casey 358.

Mr. Justice PAXSON delivered the opinion of the court, June 8th 1875.

It is very clear that Elizabeth Hess, the plaintiff in the case stated, was entitled to retain for the use of herself and family the articles appraised and set apart to her under the domestic attachment. The 20th sect. of the Act of 13th June 1836, relating to domestic attachments, provides : " That the wife and family, if any, of such debtor, shall be entitled to retain for their own use such articles as may by law be exempted from levy and sale on execution." Her right was not affected by her husband's waiver of exemption. Such waiver was undoubtedly good against him, but is of no avail as against his wife and family when his property is seized upon a domestic attachment. In such case the law withdraws the property to the extent of the exemption from the grasp of his creditors, and allows it to remain with his wife and family for their use. The articles claimed by the wife, and set apart to her under the exemption, ceased to be the property of the husband for the purpose of execution.

The seizure and sale of this property by the sheriff upon the execution against Jonas Hess, was illegal, and but for the Act of 10th April 1848, would have rendered him liable to an action of trespass. Under the provisions of said act, however, he entered a rule upon Mrs. Hess, to come into court " to maintain or relinquish her right to the proceeds realized out of the property sold under the execution." Mrs. Hess appeared to this rule, and filed an affidavit claiming the property. The proceedings under the Interpleader Act are informal, but are, nevertheless, sufficient to

[Hess *v.* Beates.]

bring the parties within its provisions. Their effect would seem to be to substitute the proceeds of the sale for the property sold. We have already said that Mrs. Hess was entitled to the property. The fund in court is the net proceeds of the sale, the costs of the plaintiffs in the execution and the sheriff having been deducted. It is not right that either the execution creditor or the sheriff should profit by his own wrong. It would be a hard rule to compel Mrs. Hess to pay the expenses of this unlawful sale of her own property. The Sheriff's Interpleader Act is broad enough in its terms to meet the justice of this case. It provides that the court shall exercise " all the powers and authorities necessary, and make such rules and decisions as shall appear to be just, under the circumstances of the case, and the costs of all such proceedings shall be in the discretion of the court," &c. With all the parties before us, our way is clear under this act to do substantial justice. Mrs. Hess is plainly entitled to the entire proceeds of sale. Even this is but an inadequate compensation. The costs and expenses ought not to fall upon the sheriff, whom we may assume to have acted under the directions of the execution creditor. Whatever costs may have been incurred should be paid by the latter.

The judgment is reversed, and it is ordered that the entire proceeds of the sale, amounting to $240.85, be paid to Elizabeth Hess, the plaintiff; the costs in error and the costs below, including the sheriff's costs, to be paid by Henry Beates, the plaintiff; and that the record be remitted to the court below, with instructions to carry this decree into effect.